PLANNING BOARD OF TAUNTON & others *vs.* ZONING BOARD OF APPEALS OF TAUNTON & others. January 28, 1977. The plaintiffs, the planning board, three individual members of the city council and the mayor of the city of Taunton, filed an appeal in a District Court alleging that they were "aggrieved," within the meaning of G. L. c. 40A, § 21, as amended through St. 1973, c. 1114, § 4, by a decision of the zoning board of appeals of Taunton.[1] The District Court judge sustained the defendants' answer in abatement and dismissed the case, holding that the plaintiffs were not "aggrieved" persons within the meaning of the statute. The plaintiffs filed a bill in equity in the Superior Court under § 21 which was dismissed on the ground that that court was without jurisdiction to hear the appeal. The sole issue before us on appeal is whether the Superior Court properly dismissed the plaintiffs' bill for lack of jurisdiction.[2] Section 21 stated that "any person aggrieved by the decision of the board of appeals or of the district court, whether or not previously a party to the proceeding, and including any municipal officer, planning board or city council, may appeal to the superior court for the county in which the land is situated . . . ." In their plea to the jurisdiction of the Superior Court, the defendants' contention (apparently accepted by the judge) was that the Superior Court is authorized to hear appeals from the District Court only where the District Court "either affirmed or annulled" the decision of the zoning board of appeals. The defendants argued that where the District Court sustained their plea in abatement on the ground that the plaintiffs were not "aggrieved" within the meaning of the statute, the Superior Court had no jurisdiction to hear the appeal because the District Court had rendered no "decision." The statute provides no basis for such an interpretation. For the purpose of determining the right of appeal to the Superior Court under this statute, a dismissal on the

---

[1] General Laws c. 40A, § 17, as appearing in St. 1975, c. 808, § 3, has no application to this case.

[2] The issue whether the plaintiffs fall within the stautory definition of persons "aggrieved" is not before us.

ground that the plaintiffs were not "aggrieved" is as much a "decision" as any ruling on the merits. Accordingly, we conclude that the Superior Court had jurisdiction. The judgment is reversed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*

The case was submitted on a brief.
*Orlando F. de Abreu* for the plaintiffs.